## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUKE PRINDABLE,**<br>**#462931,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-cv-00697-SPM** |
| **RICHARD WATSON,**<br>**CITY OF BELLEVILLE, and**<br>**STATE OF ILLINOIS,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Luke Prindable, who is currently in custody at the St. Clair County Jail located in Belleville, Illinois, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Prindable claims that he does not have access to water in his cell because his sink is not working properly. On July 16, 2021, Prindable filed a motion to amend the Complaint by adding additional defendants. (Doc. 13). On July 20, 2021, Prindable filed a document entitled "Motion," which the Court construes as a motion for a temporary restraining order ("TRO"). (Doc. 16). In light of TRO, the Court will address the pending motions and conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A without delay.

Section 1915A requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Page 1 of 6

### THE COMPLAINT

In the Complaint, Prindable alleges that on April 23, 2021, he was forced to leave the infirmary, even though he is still injured and can barely walk, and placed in the maximum segregation unit at St. Clair County Jail. (Doc. 1). The sink in his segregation cell, cell 7, does not work properly. When he presses either button on the sink only a small amount of water comes out of the spout, which is not enough to drink or even wash his hands. He repeatedly attempts to obtain a complaint form to have the issue fixed but is told no and ignored by officers. He has also verbally told multiple officers about the water issues in his cell but has not received help from anyone. For the last twelve days he has been forced to drink the liquids provided to him at meals times, and he alleges there is "something wrong with the liquids."

### DISCUSSION

Prindable fails to state a claim under the Federal Tort Claims Act and Section 1983, and so the Complaint will be dismissed. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80, authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). In other words, the FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. Prindable did not, however, name the United States as a defendant, and he does not complain about misconduct of federal officials. Accordingly, any claims brought under the FTCA must be dismissed.

As for his claims under Section 1983, Prindable fails to make allegations against any of the listed Defendants in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Court cannot discern what claims are brought against each Defendant, his claims under Section 1983 are also dismissed.

The Court further notes that, given the allegations in the Complaint, Sheriff Watson may be a proper defendant under Section 1983, however, as a matter of law, the State of Illinois is not a proper defendant. This is because "a state and its agencies are not suable 'persons' within the meaning of section 1983." *Thomas v. Ill.,* 697 F. 3d 612, 613 (7th Cir. 2012). Thus, any claims against the State of Illinois cannot be brought pursuant to Section 1983.

For these reasons, the Complaint does not survive preliminary review under Section 1915A and is dismissed without prejudice. Prindable will be given an opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. When preparing a "First Amended Complaint," he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights in the body of the amended complaint. If he does not know the names of these individuals, Prindable can refer to them by John Doe designation. Finally, Prindable should also keep in mind that "'[u]nrelated claims against different defendants belong in different suits.'" *UWM Student Ass'n v. Lovell,* 888 F.3d 854, 862 (7th Cir. 2018) (quoting *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007)). The First Amended Complaint must stand on its own without reference to any prior version of the complaint and contain all claims against all the defendants in one complete document.

MOTION TO AMEND

Prindable filed a motion seeking to add St. Clair Count, John Doe Maintenance, and John Doe Plumbing as defendants to this civil case. (Doc. 13). He has not filed an amended complaint or asserted any allegations against these Defendants. Because the Court does not accept piecemeal amendments to a complaint, the motion is denied without prejudice.

## MOTION FOR TRO

The motion seeking emergency transfer is also denied. (Doc. 16). In the motion, Prindable asks for a court ordered transfer from St. Clair County Jail to another facility because of problems at the Jail. He specifically complains that "people" are "pooping in [his] ceiling vent" and thereby "exposing [him] to tuberculosis." He also complains that "people" are "blowing on" him daily while he rests in front of the ceiling vent. Finally, he complains that these individuals are not feeding him "like they are supposed to."

The Court interprets Prindable's request as a motion for a temporary restraining order ("TRO"). A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen (14) days. *See* FED. R. CIV. P. 65(b)(2). In order to obtain a TRO, a plaintiff must set forth "specific facts in an affidavit or a verified complaint [to] clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Furthermore, a plaintiff must demonstrate that (1) his underlying case has some likelihood of success; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citations omitted).

Prindable does not satisfy this high standard. The motion does not clearly demonstrate that he is entitled to immediate relief without Defendants being heard. He does not identify who was responsible for any misconduct, how the misconduct violated his rights, or what actual harm he will suffer without a TRO. Most significantly, his Complaint is dismissed for failure to state a

Page 4 of 6

claim, and the current motion cannot be considered an adequate complaint. Without an operative complaint, the merits of this case cannot be assessed, and Prindable cannot meet the requirements of Rule 65.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED without prejudi**ce for failure to state a claim upon which relief may be granted.

The Motion to Amend (Doc. 13) and the Motion for Temporary Restraining Order (Doc. 16) are **DENIED.**

Prindable is **GRANTED** leave to file a "First Amended Complaint" on or before **August 19, 2021**. Should Prindable fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(B); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Prindable use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-00697-SPM). To enable Prindable to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Prindable must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Prindable is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Prindable is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 22, 2021**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**