IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE PRINDABLE,<br>#462931,<br><br>           Plaintiff,<br><br>v.<br><br>RICHARD WATSON,<br>JOHNSON 1, *Correctional Officer,*<br>OWENS, *Correctional Officer,*<br>HARMON, *Correctional Officer,*<br>KEMPF, *Sergeant,*<br>FUTRELLE, *Correctional Officer,*<br>MELODY, *Nurse,*<br>JOHNSON 2, *Correctional Officer,*[1]<br>TAMMY, *Nurse,*<br>GERMANE, *Correctional Officer,*<br>MOORE, *Sergeant*<br>CHAMBERS, *Sergeant,*<br>JOHN DOE, *Maintenance,*<br>JOHN DOE, *Plumbing,*<br>CITY OF BELLVILLE,<br>ST. CLAIR COUNTY, and<br>STATE OF ILLINOIS,<br><br>           Defendants. | Case No. 21-cv-00697-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Luke Prindable, an inmate at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. 1346, 2671-80. Prindable claims he was without proper running water for almost twenty days. He also alleges that he was injured when he was tased by officers at the St. Clair County Jail. After being tased, he did not

---

[1] Prindable alleges constitutional violations by two different officers, both named Johnson. One officer he describes as Caucasian and the other officer as African-American. For clarity, the Court designates the officers as Johnson 1 (the Caucasian officer) and Johnson 2 (the African-American officer).

receive medical treatment for his injuries. Prindable seeks injunctive and monetary relief. On August 6, 2021, Prindable filed his second motion for a preliminary injunction. (Doc. 21). Prior to considering that motion, the Court must conduct a preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A.

Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the pro se plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

THE FIRST AMENDED COMPLAINT

Prindable alleges the following: On April 23, 2021, Officer Johnson 1 moved him from the infirmary to the maximum segregation unit "to be subjected to many different types of torture." (Doc. 1, p. 9). Prindable asked Officer Johnson 1 for protective custody because he was badly injured, but Officer Johnson 1 denied the request. Even though he was injured and could barely walk, Officer Owens then forced Prindable to carry his mat and belongings from the infirmary to the maximum segregation unit. Prindable told Officer Owens that he was too injured to be carrying his mat because of the pain and that he was still awaiting an x-ray of his spine to be taken. Officer Owens threatened Prindable and said that Prindable did not have a choice. Officer Owens popped his knuckles and made it clear that Prindable would be further injured if he did not follow Officer Owens's directions. (*Id.*).

Once Prindable was placed the segregation cell, he noticed that the sink did not work properly. (Doc. 1, p. 10). When he pressed down on the sink buttons, the faucet produced only small amounts of water, not enough water to drink or wash his hands. He informed Officers Owens

and Harmon, but the officers refused to do anything about the broken sink or supply Prindable with complaint forms so he could put in a request to have the sink repaired. Prindable also told multiple officers about the water issues in his cell, but they either ignored him or "told [him] no." (*Id.*). For two weeks he was able only drink the liquids brought to his cell at mealtime. There was something wrong with the liquids served, and they made him hungry and sick. (*Id.*).

On July 26, 2021, Prindable was shot with a taser gun because he "wouldn't calm down." (Doc. 1, p. 8). After being tased, he was refused medical care. (*Id.* at p. 11). He had open wounds, and he asked Sergeant Kempf to have a nurse come and give him bandages. A nurse did not come, and the wounds turned green. Prindable became ill that night. He asked Officer Futrelle if he could see the nurse because he was having bad chest pains and an irregular heartbeat. He also told Officer Futrelle that he had multiple seizures that day. Officer Futrelle told Prindable he was busy and did not want to hear it. Officer Futrelle did not come back. (*Id.*).

On July 26, 2021, Prindable also tried to gain the attention of Nurse Melody and Officer Johnson 2. (Doc. 1, p. 11). He "said it so loud that there is no way they couldn't have possible heard" him. They did not stop at Prindable's door, and "this happened so many times while [he] was in segregation." (*Id.*).

On July 27, 2021, Prindable tried to file sick calls and speak to medical during morning medication rounds. (Doc. 1, p. 12). He yelled for Nurse Tammy and Officer Germane, and they did not stop at his door after hearing him repeatedly yell at them for help. Another inmate told Nurse Tammy and Officer Germane on Prindable's behalf to stop at his cell, and they still neglected his medical situation. (*Id.*).

From July 26 through July 30, 2021, his water was shut off completely. (Doc. 1, p. 12). He had no running water for four days and could not drink water from the sink or flush the toilet. Prindable told every officer he could that he did not have running water. He asked Officer Futrelle,

Officer Owens, and Officer Johnson 2 to get a sergeant, but none of the officers came back or brought him complaint forms. After four days, Officer Johnson 2 turned back on the water in his cell. (*Id.*).

**PRELIMINARY DISMISSALS**

First, the Court dismisses any claims brought pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. *See* 28 U.S.C. § 1346(b)(1). The United States is not named as a defendant, and Prindable's claims do not arise from misconduct of federal officials.

Second, any claims against Defendants John Doe Maintenance, John Doe Plumbing, the City of Belleville, St. Clair County, and State of Illinois are also dismissed. John Doe Maintenance, John Doe Plumbing, the City of Belleville, and St. Clair County are not mentioned in the First Amended Complaint. Absent any allegations describing what each of these Defendants did or failed to do in violation of Prindable's constitutional rights, the claims against them cannot proceed. *See* FED. R. CIV. 8; *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a party in the caption is not enough to state a claim). Furthermore, not only has Prindable failed to assert allegations against the State of Illinois, but "a state and its agencies are not suable 'persons' within the meaning of section 1983." *Thomas v. Ill.,* 697 F. 3d 612, 613 (7th Cir. 2012). For these reasons, John Doe Maintenance, John Doe Plumbing, the City of Bellville, St. Clair County, and the State of Illinois are dismissed.

Finally, the Court dismisses the claims against Richard Watson, the St. Clair County Sheriff. Prindable does not assert any allegations against him in the statement of claim. In the section of the civil rights complaint form listing the defendants, Prindable writes that he tried "getting ahold of this man several times so he could take control of his people and things only got worse." (Doc. 20, p. 2). This is not sufficient, however, to state a claim. Prindable's unsuccessful

efforts to contact Sheriff Watson do not describe or establish Watson's conduct or involvement in any of the alleged constitutional violations. Thus, Prindable has not alleged facts to support a plausible claim against Sheriff Watson. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

## DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Defendants Officer Johnson 1 and Officer Owens removed Prindable from the infirmary and placed him in segregation despite being badly injured in violation of his rights under the Fourteenth and/or Eighth Amendment.

**Count 2:** Defendants Officer Owens, Officer Harmon, Officer Futrelle, Officer Johnson 2, Sergeant Moore, and Sergeant Chambers subjected Prindable to unconstitutional conditions of confinement by allowing him to remain in a cell with little to no running water in violation of his rights under the Fourteenth and/or Eighth Amendment.

**Count 3:** Defendants Sergeant Kempf, Officer Futrelle, Nurse Melody, Officer Johnson 2, Nurse Tammy, and Officer Germane denied Prindable medical treatment in violation of his rights under the Fourteenth and/or Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

The Court must first determine what legal standard governs Prindable's constitutional violation claims brought pursuant to Section 1983, which depends on his legal status at the time his claims arose. Under "the Due Process Clause, a detainee may not be punished prior to an

---

[2] *See Twombly*, 550 U.S. at 570 (7th Cir. 2007).

adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Therefore, the Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims of unconstitutional conditions of confinement and denial of medical care. *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). While the Eighth Amendment deliberate indifference standard is applied if the plaintiff was a convicted prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (failure-to-protect claim); *Estelle v. Gamble,* 429 U.S. 97 (1976) (medical claims).

At this point, it is not clear whether Prindable was a pretrial detainee or convicted prisoner when the alleged constitutional violations occurred. Construing his allegations liberally, as the Court must do at this stage, the Court finds that Prindable has sufficiently stated a claim for Counts 1, 2, and 3 to proceed under either standard.

## Count 1

Count 1 will proceed against Officer Johnson 1 for removing Prindable from the infirmary and Officer Owens who forced Prindable to carry his property from the infirmary to segregation, despite his serious injuries.

## Count 2

Prindable claims that after informing Officers Owens and Harmon that his sink did not function properly, he was deprived drinking water for two weeks beginning on April 23, 2021. He also claims that his water was completely shut off on July 26 2021. He told Officers Futrelle, Owens, and Johnson 2 that he did not have running water, but the water was not turned back on for four days. These allegations are sufficient for Count 2 to proceed against these Defendants.

Count 2 will be dismissed, however, as to Sergeants Moore and Chambers. Under both the Fourteenth and Eighth Amendments, Prindable must set forth allegations demonstrating each Defendant's personal involvement in or responsibility for the constitutional violation. *West v. Atkins*, 487 U.S. 42 (1988); *McCree v. Sherrod,* 408 F. App'x 990 (7th Cir. 2011). Prindable asserts

that he asked the officers to go get "either Sergeant Moore or Sergeant Chambers." (Doc. 20, p. 12). He does not allege that Sergeants Moore or Chambers had any involvement or knew that someone had shut off the running water to his cell. Thus, he has not stated a claim against Sergeants Moore or Chambers.

### Count 3

Count 3 will also proceed against Sergeant Kempf, Officer Futrelle, Nurse Melody, Officer Johnson 2, Nurse Tammy, and Officer Germane for refusing Prindable medical treatment after he was tased.

### PRELIMINARY INJUNCTION

Prindable has filed a document entitled "Written Statement." In the filing, he claims that Officer Futrelle poisoned him on August 1, 2021, by putting lye in his food. (Doc. 21). Prindable believes he was poisoned because Officer Futrelle acted friendly when handing Prindable his food tray, and after eating, Prindable felt aggressive, weak, and sick. There was also trace amounts of blood in his stool. Prindable states that he was poisoned because he filed a lawsuit against Officer Futrelle. He states staff at St. Clair County Jail are treating him spitefully and asks to be transferred to another facility. The Court construes this statement as a request for a preliminary injunction filed pursuant to Federal Rule of Civil Procedure 65.

In order to obtain preliminary injunctive relief, Prindable must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948

(5th ed. 1995)). The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Additionally, because Prindable is currently being held in the St. Clair County Jail, any prospective relief that is ordered must comport with the Prison Litigation Reform Act. *See* 18 U.S.C. § 3626(a). "The PLRA states that no prospective relief shall issue with respect to prison conditions unless it is narrowly drawn, extends no further than necessary to correct the violation of a federal right, and is the least intrusive means necessary to correct the violation." *Brown v. Plata*, 563 U.S. 493, 530 (2011) (citing 18 U.S.C. § 3626(a)).

Here, Prindable does not seek relief related to the allegations in his case. Prindable is proceeding on claims regarding denial of water and medical care, which occurred in April, May, and July 2021 at St. Clair County Jail. He is now requesting the Court to order an immediate transfer based on a new allegation of retaliation by Defendant Futrelle, which occurred after he submitted the First Amended Complaint.[3] He does not seek relief regarding the lack of drinking water or treatment for his physical injuries. Nor has he alleged that these specific issues are

---

[3] Prindable signed the First Amended Complaint on July 31, 2021, and it is postmarked August 2, 2021. He claims he was subsequently poisoned on August 1, 2021.

ongoing. Thus, any injunctive relief ordered would not be narrowly tailored to correct the alleged violations of federal rights that have been successfully pleaded in this case.

Additionally, a motion for a preliminary injunction is not a proper avenue for Prindable to add claims to this lawsuit. Prindable is proceeding with seven other cases in this District, and he has been advised in five of those cases that he cannot amend the complaint in a piecemeal fashion and that an amended complaint must stand on its own. *See Prindable v. Briggs,* No. 21-cv-00418-JPG (S.D. Ill. July 20, 2021, Doc. 23); *Prindable v. Chambers,* No. 21-cv-00527-JPG (S.D. Ill. July 20, 2021, Doc. 19); *Prindable v. Marcowitz,* No. 21-cv-00685-MAB (S.D. Ill. July 20, 2021, Doc. 26); *Prindable v. Gadfrey,* No. 21-cv-00696-JPG (S.D. Ill. July 20, 2021, Doc. 20). Because the request for injunctive relief is outside the scope of the First Amended Complaint, the motion for preliminary injunction is denied. (Doc. 21).

## DISPOSITION

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **Count 1** will proceed against Officer Johnson 1 and Officer Owens. **Count 2** will proceed against Officer Owens, Officer Harmon, Officer Futrelle, and Officer Johnson 2, but is **DISMISSED** as to Sergeant Moore and Sergeant Chambers. **Count 3** will proceed against Sergeant Kempf, Officer Futrelle, Nurse Melody, Officer Johnson 2, Nurse Tammy, and Officer Germane. The Clerk of Court is **DIRECTED** to modify the docket to reflect the new designations of "C/O Johnson 1" and "C/O Johnson 2." (*See* Footnote 1).

Because there are no remaining claims against them, Defendants Richard Watson, John Doe Maintenance, John Doe Plumbing, City of Belleville, Moore, Chambers, and St. Clair County are **DISMISSED without prejudice**. The State of Illinois is **DISMISSED with prejudice**.

The motion for preliminary injunction (Doc. 21) is **DENIED.**

The Clerk of Court **SHALL** prepare for Officer Johnson 1, Officer Owens, Officer

Harmon, Officer Futrelle, Officer Johnson 2, Sergeant Kempf, Nurse Melody, Nurse Tammy, and Officer Germane the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Prindable. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Prindable, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Prindable and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Prindable is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   August 13, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Prindable is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Prindable need not submit any evidence to the Court at his time, unless otherwise directed by the Court.