IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE PRINDABLE, #Y28834, <br><br>　　　　　　Plaintiff, <br><br> v. <br><br> BLAKE JOHNSON, *et al.*, <br><br>　　　　　　Defendants. | Case No. 21-cv-00697-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Pending before the Court are motions for summary judgment on the issue of failure to exhaust administrative remedies filed by all Defendants. (Doc. 74, 78). Plaintiff Luke Prindable filed a response in opposition. (Doc. 80). For the following reasons, the motions are denied without prejudice at this time.

### BACKGROUND

Plaintiff Luke Prindable filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was held at the St. Clair County Jail. (Doc. 1). Plaintiff claims that on April 23, 2021, Officer Blake Johnson moved him from the infirmary to the maximum segregation unit "to be subjected to many different types of torture." Plaintiff asked Johnson for protective custody because he was badly injured, but Johnson denied the request. Even though he was injured and could barely walk, Officer Salmartis Owens then forced Plaintiff to carry his mat and belongings from the infirmary to the maximum segregation unit. Plaintiff told Owens that he was too injured to be carrying his mat because of the pain and that he was still awaiting an x-ray of his spine to be taken. Owens threatened Plaintiff and said that Plaintiff did not have a choice.

Once Plaintiff was placed the segregation cell, he noticed that the sink did not work properly. He informed Officers Owens and Harmon, but the officers refused to do anything about the broken sink or supply Plaintiff with complaint forms so he could put in a request to have the sink repaired. Plaintiff also told multiple officers about the water issues in his cell, but they either ignored him or "told [him] no." For two weeks he was deprived of drinking water. Because of the broken sink, he was able only drink the liquids brought to his cell at mealtime, and the liquids served made him sick.

On July 26, 2021, Plaintiff was shot with a taser gun because he "wouldn't calm down." After being tased, he was refused medical care. He had open wounds, and he asked Sergeant Michael Kempf to have a nurse come and give him bandages. A nurse did not come, and the wounds turned green. Plaintiff became ill that night. He asked Officer Jer-Don Futrell if he could see the nurse because he was having bad chest pains and an irregular heartbeat. He also told Futrell that he had multiple seizures that day. Futrell told Plaintiff he was busy and did not want to hear it. Futrell did not come back.

On July 26, 2021, Plaintiff also tried to gain the attention of Nurse Melody Murry and Officer Marland Johnson. He "said it so loud that there is no way they couldn't have possible heard" him. They did not stop at Plaintiff's door, and "this happened so many times while [he] was in segregation."

On July 27, 2021, Plaintiff tried to file sick calls and speak to medical during morning medication rounds. He yelled for Nurse Tammy McClendon and Officer Charles Germaine, and they did not stop at his door after hearing him repeatedly yell at them for help. Another inmate told Nurse McClendon and Officer Germane on Plaintiff's behalf to stop at his cell, and they still neglected his medical situation.

From July 26 through July 30, 2021, Plaintiff's water was shut off completely. He had no

running water for four days and could not drink water from the sink or flush the toilet. Plaintiff told every officer he could that he did not have running water. He asked Officers Futrell, Owens, and Marland Johnson to get a sergeant, but none of the officers came back or brought him complaint forms. After four days, Officer Marland Johnson turned back on the water in his cell.

After the Court review the First Amended Complaint, Plaintiff is proceeding with the following claims.

>   **Count 1:** Defendants Blake Johnson and Owens removed Plaintiff from the infirmary and placed him in segregation despite being badly injured in violation of his rights under the Fourteenth and/or Eighth Amendment.
>
>   **Count 2:** Defendants Owens, Harmon, Futrell, and Marland Johnson subjected Plaintiff to unconstitutional conditions of confinement by allowing him to remain in a cell with little to no running water in violation of his rights under the Fourteenth and/or Eighth Amendment.
>
>   **Count 3:** Defendants Kempf, Futrelle, Murry, Marland Johnson, McClendon, and Germaine denied Plaintiff medical treatment in violation of his rights under the Fourteenth and/or Eighth Amendment.

(Doc. 22).

On January 20, 2023, Defendants Murry and McClendon filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to initiating this suit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a). On February 1, 2023, Defendants Futrell, Germain, Harmon, Blake Johnson, Marland Johnson, Kempf, and Owens also filed a motion for summary on the issue of exhaustion. All Defendants argue that the administrative procedures at St. Clair County Jail were available and known to Plaintiff. They point out that from April 23, 2021, until he signed the First Amended Complaint on July 31, 2021, Plaintiff submitted twelve detainee request/complaint forms regarding his conditions of confinement and treatment by staff, which included complaints about receiving mail, food, and medical treatment. He did not, however, make any grievance submissions for the claims

brought in this suit. Defendants argue that the "sheer volume of grievance submissions made by the Plaintiff belies any claim that the procedure was unavailable." (Doc. 78, p. 11; Doc. 75, p. 9). Because Plaintiff bypassed the grievance process and filed this lawsuit before exhausting, his claims should be dismissed.

In response, Plaintiff claims that he requested grievance forms from several officers in order to grieve the issues in this case starting on April 23, 2021, until February 2022, when he was transferred from St. Clair County Jail to a new facility. (Doc. 80). Specifically, he asked Defendants Owens, Black Johnson, Marland Johnson, Harmon, Kempf, Futrell, and Germaine. He also requested forms from Sergeant Moore. Plaintiff asserts that they all told him no "for various reasons they had made up."

### LEGAL STANDARDS

#### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

#### II. Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This allows the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison administration's solution does not fully satisfy the prisoner. *See Pozo,* 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002).

### III. Grievance Procedures

From October 10, 2020, when Plaintiff arrived at St. Clair County Jail, through May 23, 2021, the following grievance procedure applied:

> Step 1. A grieving detainee shall within 24 hrs. after he/she learns of circumstances or conditions which prompted the grievance, submit the grievance to the shift supervisor, in writing, informing him/her of the grievance and the particulars concerning it. The immediate supervisor shall provide a written response to the grieving detainee within 3 days after receiving the grievance. The original will be forwarded to the Jail Superintendent.
>
> Step 2. If the grievance is not resolved to the detainee's satisfaction, the detainee may submit the grievance to the Assistant Jail Superintendent by summarizing the grievance in writing within forty eight (48) hours through the on duty shift supervisor. The grievance must be submitted to the Jail Superintendent within 3 days (not including weekends and holidays) of the decision of the Assistant

      Superintendent. The Jail Superintendent will review the response(s) and approve/disapprove them; if he disapproves them, he will take the necessary action to revise the previous response(s) according to the St. Clair County Jail Policies and Procedures Manual or to his professional opinion in a fair and impartial manner and return to the detainee within three (3) duty days. This shall constitute the final resolution of the grievance.

(Doc. 75-2, p. 2).

      Beginning on May 24, 2021, new grievance procedures went into effect. Pursuant to the St. Clair County Jail's updated grievance procedures, all detainees must submit complaints and grievances electronically unless they are housed in a block without electronic access. (Doc. 75-3, p. 2). An electronic complaint must be filed within 48 hours of the incident and include the date, time, and location of the complaint. If the complaint involves an officer, the name of the officer or officers must also be included. Once the complaint is answered and returned, it is considered closed. (*Id.*). If a detainee is not satisfied with the response to a closed complaint, they may file a grievance. (*Id.* at p. 3). Grievances concerning a closed complaint must be filed within 48 hours of receiving the unsatisfactory closed complaint. The assistant jail superintendent or his or her designee will address grievances. Once a grievance is answered and returned the grievance is considered closed and detainees have reached the end of the administrative complaint and grievance process.

## ANALYSIS

      During the relevant period, Plaintiff was housed in FF-E Cell 7, which did not have access to an electronic kiosk. (Doc. 78-1). Thus, to properly grieve his claims in this case, Plaintiff needed to submit paper forms under the old and new grievance procedures. Defendants have submitted evidence, which Plaintiff does not refute, that he submitted 22 grievances during his time at St. Clair County Jail and that he knew the old and new processes for filing grievances. Although there is evidence that at certain times Plaintiff had access to grievance forms, this evidence does not directly address Plaintiff's assertion that when he attempted to grieve the claims in this case, he

requested and was denied grievance forms. *See Hill v. Snyder,* 817 F. 3d 1037, 1041 (7th Cir. 2016) ("exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance"). Because Plaintiff argues he was prevented from pursing exhaustion of his administrative remedies, summary judgment is inappropriate. A hearing is required to resolve these disputed issues of fact. *See Pavey v. Conley,* 544 F. 3d 739 (7th Cir. 2008).

If Defendants would like to pursue this affirmative defense for failure to exhaust administrative remedies any further at this point, they must request a *Pavey* hearing within fourteen days. If a hearing is requested, the issues the Court would consider are limited to whether Plaintiff abided by St. Clair County Jail's rules for obtaining grievance forms and whether he was subsequently denied access to the forms. The parties will be expected to present evidence only on these issues, if a *Pavey* hearing is held. If Defendants do not request a *Pavey* hearing, the Court will enter a new scheduling and discovery order lifting the stay on merits discovery, or the parties may request that the case be referred for a settlement conference or mediation.

## DISPOSITION

The motions for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants are **DENIED**. (Doc. 74, 78). Defendants must file a notice within fourteen days (14) of this Order either withdrawing the affirmative defense of exhaustion or requesting a *Pavey* hearing. **Failure to file a notice by this deadline and in compliance with this Order will result in a waiver of this affirmative defense.**

IT IS SO ORDERED.

DATED:   September 5, 2023

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**