IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE PRINDABLE, #Y28834,<br><br>    Plaintiff,<br><br>v.<br><br>BLAKE JOHNSON,<br>SALMARTIS OWENS,<br>JOSHUA HARMON,<br>MICHAEL KEMPF,<br>JER-DON FUTRELL,<br>MELODY MURRY,<br>MARLAND JOHNSON,<br>TAMMY MCCLENDON, and<br>CHARLES GERMAINE,<br><br>    Defendants. | Case No. 21-cv-00697-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  This matter is before the Court on the issue of whether Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit or whether he was prevented from doing so. On September 28, 2023, the Court issued an order denying Defendants' motions for summary judgment on the issue of exhaustion. (Doc. 81). It is not disputed that Plaintiff did not file any grievances regarding the claims in this case. Plaintiff, however, asserts that he attempted to grieve his claims but was denied access to grievance forms. (Doc. 80). Because of the disputed issue of fact regarding whether the administrative process was available or whether Plaintiff was prevented from pursing exhaustion of his administrative remedies, the Court found that summary judgment was inappropriate based on the briefs. A hearing was held on November 8, 2023, to resolve these disputed issues. *See Pavey v. Conley*, 544 F. 3d 739 (7th Cir. 2008). At the hearing, the Court heard

testimony from Defendant Marland Johnson, Captain Shane Collins, and Plaintiff. (Doc. 90). After hearing from the witnesses and reviewing the evidence on exhaustion, the Court finds that Plaintiff has failed to exhaust his administrative remedies. This case will be dismissed in its entirety.

## BACKGROUND

Plaintiff Luke Prindable filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was held at the St. Clair County Jail. (Doc. 1, 20). Plaintiff claims that on April 23, 2021, he was moved from the infirmary to segregation and forced to carry his own property despite being badly injured and barley able to walk. Once placed in segregation, he was deprived of drinking water for two weeks. Then on July 26, 2021, Plaintiff asserts he was tased, refused medical treatment for his sustained injuries, and his water was shut off for four days. (Doc. 20).

After the Court review the First Amended Complaint, Plaintiff is proceeding with the following claims.

**Count 1:** Defendants Blake Johnson and Owens removed Plaintiff from the infirmary and placed him in segregation despite being badly injured in violation of his rights under the Fourteenth and/or Eighth Amendment.

**Count 2:** Defendants Owens, Harmon, Futrell, and Marland Johnson subjected Plaintiff to unconstitutional conditions of confinement by allowing him to remain in a cell with little to no running water in violation of his rights under the Fourteenth and/or Eighth Amendment.

**Count 3:** Defendants Kempf, Futrelle, Murry, Marland Johnson, McClendon, and Germaine denied Plaintiff medical treatment in violation of his rights under the Fourteenth and/or Eighth Amendment.

(Doc. 22).

For the purposes of the *Pavey* hearing, the Court limited the issues to whether Plaintiff abided by St. Clair County Jail's rules for obtaining grievance forms and whether he was

subsequently denied access to the forms. (Doc. 81, 83). In his responses to the motions for summary judgment, Plaintiff asserts that he attempted numerous times to obtain grievance forms starting on April 23, 2021, until the day he was transferred to Menard Correctional Center on February 9, 2022. (Doc. 77, p. 1; Doc. 80, p. 1; Doc. 78-1, p. 2). He was told by Defendants Johnson, Owens, Harmon, Futrell, Germaine, and Kempf and non-party officers Moore and Chambers that he was not allowed to file grievances or complaint forms, and they refused to provide him with forms. (*Id.*). Plaintiff argues that he did everything possib to comply with procedures.

Defendants dispute Plaintiff's credibility and refute his allegations that he requested and was denied access to grievance forms. They point out that during his time at St. Clair County Jail, Plaintiff filed 22 submissions in the St. Clair County grievance process, and none of them grieve the allegations in this suit. (Doc. 75, p. 9; Doc. 86, p. 3). They argue that these other grievances demonstrate the availability of the process to Plaintiff and that he failed to use the process to grieve his claims as set forth in the First Amended Complaint.

## LEGAL STANDARDS

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). However, a prisoner need only exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a); a prisoner

"need not exhaust unavailable ones." *Ross v. Blake,* 578 U.S. 632, 642 (2016). "A prison's failure to give an inmate access to grievance forms, or respond to them, can render the process unavailable." *Daniels v. Baldwin,* No. 21-1686, 2022 WL 1768857, at *2 (7 Cir. June 1, 2022) (citing *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)).

Whether a claim has been exhausted pursuant to Section 1997e(a) is a determination for a judge—not a jury—to make. *Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008). If a Pavey hearing is held due to an issue of fact about exhaustion of administrative remedies, the court hears evidence, finds facts, and determines credibility. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The burden of proof is on the defendants to demonstrate that the prisoner failed to exhaust available administrative remedies. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Generally, a defendant will need to do more to carry the burden than plainly allege that no grievance exists, a defendant might meet said burden by submitting additional evidence such as grievance logs, counseling summaries, or evidence about the routine function of the grievance procedure. *See e.g., Daniels v. Prentice,* 741 Fed. App'x 342, 343-44 (7th Cir. 2018).

From October 10, 2020, when Plaintiff arrived at St. Clair County Jail, through May 23, 2021, Plaintiff was required to follow the grievance process as outlined in the Jail's Detainee Rules and Regulations manual revised January 2019. (Doc. 75-2, p. 2). The first step is to submit a captain's complaint (or captain's request). If the detainee is not satisfied with the response they receive to their captain's complaint, they must submit a detainee grievance form. These grievance forms "can be obtained from any supervisor or correctional officer." The "immediate supervisor" provides a response to the grievance, and if the detainee is still not satisfied, they can submit the grievance to the assistant jail superintendent through the on-duty shift supervisor. It appears that

after the detainee receives the assistant jail superintendent's response, the detainee must then submit the grievance to the jail superintendent. The jail superintendent will review all of the previous responses and either approve them or disapprove and revise the responses. The jail superintendent's response shall constitute final resolution of the grievance. (*Id.*).

Beginning on May 24, 2021, new grievance procedures went into effect. Pursuant to the St. Clair County Jail's updated grievance procedures, all detainees must submit complaints and grievances electronically unless they are housed in a block without electronic access. (Doc. 75-3, p. 2). An electronic complaint must be filed within 48 hours of the incident and include the date, time, and location of the complaint. If the complaint involves an officer, the name of the officer or officers must also be included. Once the complaint is answered and returned, it is considered closed. (*Id.*). If a detainee is not satisfied with the response to a closed complaint, he or she may file a grievance. (*Id.* at p. 3). Grievances concerning a closed complaint must be filed within 48 hours of receiving the unsatisfactory closed complaint. The assistant jail superintendent or his or her designee will address grievances. Once a grievance is answered and returned the grievance is considered closed and detainees have reached the end of the administrative complaint and grievance process. (*Id.*).

During the period relevant to this case Plaintiff was housed in segregation, cell Max-7. (Doc. 78-1, p. 2). Because he did not have access to a kiosk, Plaintiff would have needed to submit a paper grievance under both the old and new procedures. (*See Id.*).

## ANALYSIS

The Court finds that Plaintiff has failed to exhaust his administrative remedies as to all counts. Plaintiff's assertions that he spoke to officers, requested complaint and grievance forms, and was refused access to the forms are inconsistent throughout the record, and therefore, the Court

does not find him credible.

Regarding being moved from the infirmary on April 23, 2021, and a lack of running water in his segregation cell, Plaintiff initially asserted in the original Complaint that he asked for grievances and was told no, "they refuse to give me any." (Doc. 1, p. 4). He goes on to state:

> I've attempted too many times to count to get a complaint form so I could get it fixed and have been told no and ignored on every occasion. *I cannot supply the names of the officers because I could not see them.* I know I have told multiple officers on multiple occasions[sic] that the water doesn't work rite[sic].

(Doc. 1, p. 8) (emphasis added). In the First Amended Complaint, Plaintiff again states he asked for complaint and grievance forms but was not given any forms. (Doc. 20, p. 6). This time, however, he names two specific officers. He states that he verbally told Defendants Owens and Harmon about his sink not working on April 23, 2021, and "they refused to do anything or supply me with complaint forms so I could put in a work order to get it fixed." (*Id.* at p. 10). Plaintiff alleges generally that he, "told multiple officers about the water issues in my cell but they ignored me, told me no, and did not help at all." (*Id.*). Contrary to this assertion – that he requested grievances from both Owens and Harmon – at the hearing, Plaintiff testified that he requested grievances on April 23, 2021, and was refused by only Owens. He also testified that he requested grievances because he wanted to grieve the issues concerning his transfer to segregation and the injury to his back. Plaintiff did not state that he was attempting to grieve the condition of his segregation cell and the lack of drinking water. Following the hearing, he filed a response to the motion for sanctions, in which he again changes from whom he requested complaint forms. In the response, Plaintiff claims he asked three officers – Defendants Blake Johnson, Owens, and Harmon. (Doc. 91, p. 1).

Additionally, at the hearing, Plaintiff did not refute that he filed ten complaints and one grievance between April 23, 2021, and July 31, 2021. This contrasts with his claim in his response

brief that he was denied complaint and grievance forms from April 23, 2021, until his transfer to Menard on February 9, 2022. (Doc. 77, p. 1). Thus, Court finds that the grievance was available to him following the events of April 23.

Likewise, Plaintiff's filings and testimony regarding attempts to grieve the events from July 26 to July 30, 2021, are inconsistent. In the First Amended Complaint, he alleges that his water was shut off from July 26 - July 30. (Doc. 20, p.12). He states he "told every officer [he] could" about his water being shut off in his cell. He asked Defendants Futrell, Owens, and Marland Johnson to bring a sergeant, either Sergeant Moore or Sergeant Chambers, but the officers never came back. He waited four days without running water and then Marland Johnson turned the water on in his cell. (*Id.*). During the hearing, Plaintiff testified that his water was not shut off until July 28, 2021, rather than July 26 as alleged in the First Amended Complaint. He repeated that he asked every officer he could, and no one brought him complaint forms. On July 30, 2021, he specifically asked Defendants Marland Johnson, Owens, Harman, Melody Murry, Blake Johnson, Tammy McClendon, Germaine, and non-party individuals for complaint forms. He stated he did not speak to Sergeants Chambers or Moore. This testimony is somewhat consistent with the testimony of Defendant Marland Johnson. Johnson testified that on July 30, Plaintiff asked Johnson if the water could be turned back on in his cell. Johnson went and spoke to a sergeant about the water, the sergeant approved the request, and the water was turned on in Plaintiff's cell. Johnson testified, however, that Plaintiff did not ask for complaint forms or grieve the issue with his water. Plaintiff only complained to him verbally about not having running water.

Contrary to Plaintiff's testimony, in his response briefs, he asserts he spoke to Sergeants Chambers and Moore about grievance forms after his water was shut off in July. (Doc. 77, p. 1; Doc. 80, p. 1; Doc. 91, p. 1). In his response to the motion for sanctions, Plaintiff states that on

July 26 he asked Defendants Futrell, Marland Johnson, and Kempf for complaint forms, and they said they did not have any. (Doc. 91, p. 1). Plaintiff testified, however, that he asked Marland Johnson and Tammy McClendon for complaint forms on July 26 and was ignored. He testified that Johnson and McClendon acted as if they could not hear him.

In addition to these contradictions, the record demonstrates that Plaintiff submitted 19 captain's complaints and 3 grievance forms during his time at St. Clair County Jail from October 10, 2020, through February 9, 2022. (*See* Doc. 78-2; Doc. 86, p. 2). Eleven of these submissions were following the events of April 23, 2021, and none of them grieve the claims in this case.

Based on the inconsistency of Plaintiff's allegations regarding his efforts to exhaust, and the record which shows the Plaintiff filed several grievances while at St. Clair County Jail, the Court finds his claims that he was denied complaint and grievance forms not credible. Defendants have met their burden of demonstrating that grievance process was available to Plaintiff, and he failed to use it prior to initiating this lawsuit. Because Plaintiff failed to exhaust his administrative remedies, his claims in this suit are dismissed without prejudice.

## MOTION FOR SANCTIONS

Defendants' request for sanctions is **DENIED.** (Doc. 88). Because Plaintiff did not timely disclose witnesses, exhibits, a statement of undisputed facts, a hearing brief, or objections to Defendants' pre-hearing documents, Plaintiff was prohibited from presenting such documents and any witnesses at the *Pavey* hearing on November 8, 2023. Plaintiff was also unable to present any objections to Defendants' disclosed witnesses, exhibits, and statement of undisputed facts. The Court finds that further sanctions for failure to comply with the Court's Order considering pre-hearing disclosures are not necessary, especially now that this case will be dismissed.

**DISPOSITION**

For the reasons stated above, Defendants have established that Plaintiff has failed to exhaust his administrative remedies as to all clams in this case. The case is **DISMISSED** without prejudice for failure to exhaust. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   January 5, 2024

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**